IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00056-M

| | | |
|---|---|---|
| ANTHONY RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on (1) Plaintiff's motion for judgment on the pleadings or, in the alternative, for an order remanding the matter for a new hearing, filed August 20, 2020 [DE-18]; and (2) Defendant's motion for judgment on the pleadings, filed October 19, 2020 [DE-20]. For the reasons that follow, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART and Defendant's motion is DENIED.

The factual and procedural background is set out extensively in Magistrate Judge Numbers's thorough memorandum and recommendation (the "M&R") recommending that the court grant Plaintiff's motion and remand the matter for further proceedings. [*see* DE-23] For purposes of this opinion, the court recounts only as much detail as is necessary to provide context for those who may read this opinion at a later time.

Plaintiff applied to the United States Social Security Administration (the "SSA") seeking disability benefits in December 2016 for issues he allegedly began suffering in November 2014. [DE-11 at 82, 175] Plaintiff's claim eventually made its way to Administrative Law Judge ("ALJ") Teresa Hoskins-Hart, who

1

ruled on the SSA's behalf in March 2019 that Plaintiff had no right to benefits because he was not disabled within the meaning of the Social Security Act. [DE-11 at 15]

In February 2020, after exhausting the administrative-appeals process, Plaintiff filed this lawsuit asking the court to review ALJ Hoskins-Hart's ruling pursuant to 42 U.S.C. § 405(g). [DE-1] The parties filed competing motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") in August and October 2020 and, after the motions had been fully briefed by the parties, the court referred them to Judge Numbers for an M&R pursuant to 28 U.S.C. § 636(b). [DE-18–22] The M&R followed in November 2020, and Defendant filed an objection thereto in December 2020. [DE-23–24] The parties' Rule 12(c) motions are accordingly ripe for adjudication.

In relevant part, 42 U.S.C. § 405(g) sets forth as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Interpreting this provision, the Fourth Circuit has said that "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks, brackets, and citation omitted).

The applicable legal standards require ALJs to consider certain types of evidence and accord certain evidence specified weight. In *Bird v. Comm'r of SSA*, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit

2

interpreted then-existing[1] federal regulations as requiring ALJs "to consider all record evidence relevant to a disability determination, including decisions by other agencies." *Id.* at 343. Central to *Bird* was a determination by the United States Department of Veterans Affairs (the "VA") that the claimant in that case had a certain disability rating for purposes of the veterans' benefits administered by the VA. *Id.* at 339. The *Bird* court held:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

*Id.* at 343. Because the ALJ in that case reviewed the claimant's VA disability rating but found that it was "not relevant" to his disability determination under the Social Security Act, the *Bird* court concluded that the ALJ committed legal error, vacated the disability determination, and remanded to the SSA for further proceedings. *Id.* at 344.

Plaintiff's first argument is that ALJ Hoskins-Hart made the same error. The court agrees. Although Plaintiff introduced evidence of his own VA disability rating at the hearing on his disability-benefits claim [DE-11 at 284], ALJ Hoskins-Hart's decision states as follows:

> No weight is given to the VA disability ratings/findings that the claimant is disabled (Exhibits 1E and 12E ), as the VA uses a different criteria [sic] for its determinations. Such Veteran's Administration determinations do not have to find that the claimant cannot perform work, or require an assessment of the most a

---

[1] *Bird* was superseded in part by 20 C.F.R. § 404.1504 (2017), which sets forth that "in claims filed . . . on or after March 27, 2017, [the SSA] will not provide any analysis in our determination or decision about a decision made by any other governmental agency . . . about whether you are disabled . . . or entitled to any benefits." However, because Plaintiff filed his claim prior to March 2017 [*see* DE-11 at 82, 175], 20 C.F.R. § 404.1504 (2017) is inapplicable and *Bird* governs this case. *See Douglas v. Berryhill*, No. 5:18-CV-84-GCM, 2019 U.S. Dist. LEXIS 158383, at *4 n.1 (W.D.N.C. Sep. 17, 2019) (noting that *Bird* applied where claim was filed before 20 C.F.R. § 404.1504 (2017) took effect).

3

person can perform, and is therefore of little benefit in a Social Security Administrative finding. The conclusory finding is therefore given no weight.

[DE-11 at 23] ALJ Hoskins-Hart's decision to accord Plaintiff's VA rating "no weight" directly contradicts *Bird*'s holding that the rating must be given "substantial weight[.]" 699 F.3d at 343. Although *Bird* stands for the proposition that "an ALJ may give *less* weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate[,]" *id.* (emphasis added), *Bird* does not stand for the proposition that the ALJ may accord the VA rating no weight at all. This error of law requires that the court remand the matter for a new hearing.

Because the court concludes that remand is required, it need not rule upon Plaintiff's remaining two arguments. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("The issue before us . . . is not whether Craig is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."), *superseded on other grounds by* 20 C.F.R. § 416.927(d)(2) (2017). However, the court takes the opportunity to DIRECT Defendant to consider Plaintiff's remaining two arguments [*see* DE-19 at 17–24] and to ensure that it properly considers all of the relevant evidence and discusses the weight given to that evidence when rendering its decision on remand. *See Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) ("remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision"); *Love-Moore v. Colvin*, No. 7:12-CV-104-D, 2013 U.S. Dist. LEXIS 137695, at *4 (E.D.N.C. Sep. 24, 2013) ("In most cases, the ALJ's failure to consider a physician's opinion (particularly a treating physician) or to discuss the weight given to that opinion will require remand.").

4

For the aforementioned reasons: (1) Plaintiff's Rule 12(c) motion is GRANTED insofar as it seeks remand, but is otherwise DENIED; (2) Defendant's Rule 12(c) motion is DENIED; and (3) the matter is REMANDED for a new hearing.

SO ORDERED this the 19th day of April, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

5